**RICHARDS, Appellant,**

v.

**CINCINNATI WEST BAPTIST CHURCH, Appellee.**

[Cite as *Richards v. Cincinnati W. Baptist Church* (1996), 112 Ohio App.3d 769.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940798.

Decided July 24, 1996.

*Kircher, Robinson, Newman & Welch* and *Robert B. Newman,* for appellant.

*Lindhorst & Dreidame, William M. Cussen* and *Peter J. Stautberg,* for appellee.

*Per Curiam.*

On November 1, 1993, the plaintiff, six-year-old Ernest Omer Richards III, went with a five-year-old companion to play in the yard of defendant Cincinnati West Baptist Church. A "water drenching" machine,[1] which had been used in

---

1. The water-drenching machine is a carnival game device which stands approximately six and one-half feet tall. When in use, the machine is hooked up to a hose. A contestant throws a

the church's "kiddie carnival" in September, was standing up against the wall of the church building in the back of the church. When plaintiff and his friend climbed on the "water drenching" machine, it fell on plaintiff, injuring his head and face.

A "No Trespassing" sign was posted on the church. The minister of the church testified in his deposition that neighborhood children were not permitted to play in the yard and that he and his wife chased uninvited children off church property. Plaintiff and his mother stated that they were unaware that children were not permitted to play in the churchyard; however, plaintiff's mother admitted that a "No Trespassing" sign was posted on the church.

Plaintiff filed a complaint seeking to recover for his injuries. Defendant filed a Civ.R. 56(C) motion for summary judgment, which the trial court granted. Plaintiff timely appealed.

Plaintiff's sole assignment of error alleges that the trial court erred in granting defendant's motion for summary judgment.

■■■ The evidence before the trial court on the motion for summary judgment showed, and plaintiff conceded, that plaintiff was a trespasser or at most a licensee on defendant's property. Therefore defendant, as the owner or occupier of the land, owed plaintiff a duty to refrain from wantonly or willfully injuring him. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 539 N.E.2d 614; *McKinney v. Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St.3d 244, 31 OBR 449, 510 N.E.2d 386; *Ward v. Kowalski* (Nov. 24, 1982), Hamilton App. No. C–820150, unreported, 1982 WL 4848. Plaintiff did not allege any wanton or willful conduct on the part of defendant.

■■■ Plaintiff argues that he may recover under the dangerous-instrumentality exception. The dangerous-instrumentality exception imposes upon the owner or occupier of land a higher duty of care to a child trespasser when the owner or occupier actively and negligently operates hazardous machinery or other apparatus, the dangerousness of which is not readily apparent to children, on or immediately adjacent to a public place. *McKinney, supra; Carswell v. Toledo Edison Co.* (1988), 53 Ohio App.3d 82, 557 N.E.2d 1241.

■■■ Assuming, *arguendo*, that the water-drenching machine constitutes a dangerous instrumentality, which defendant denies, we hold that the dangerous-instrumentality exception does not apply in the instant case because the machine was not "on or immediately adjacent to a public place." The machine was on

---

ball and hits a paddle on the machine causing the person inside the machine to be sprayed with water.

private property, behind the church building and up against a wall. It was not within easy reach of a child in a public area.

Plaintiff also argues that we should adopt the doctrine of attractive nuisance. We decline to do so because, as we stated in *Benford v. Cincinnati* (1990), 67 Ohio App.3d 603, 588 N.E.2d 134, the Ohio Supreme Court has repeatedly refused to recognize the doctrine of attractive nuisance. *McKinney, supra; Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 26 OBR 160, 497 N.E.2d 1118; *Elliott v. Nagy* (1986), 22 Ohio St.3d 58, 22 OBR 77, 488 N.E.2d 853.

The assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., DOAN and PAINTER, JJ., concur.